UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
Case No. 2:12cv384-DCN-BHH

| | |
|---|---|
| STEPHEN M. HAWKINS, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | **COMPLAINT** |
| ) | **(JURY TRIAL DEMANDED)** |
| COLLEGE OF CHARLESTON ) | |
| ) | |
| Defendant. ) | |

This action is brought to remedy discrimination on the basis of disability in the terms, conditions and privileges of housing in violation of Title II of the Americans with Disabilities Act of 1990 ("Title II"), 42 U.S.C. § 12131 et. seq., 28 C.F.R. Part 35 Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 34 C.F.R. Part 104, and the Fair Housing Amendments Act, 42. U.S.C. §3601 et. seq.

This Court has jurisdiction of this matter under 28 U.S.C. §1331 and 1343(4).

The Plaintiff would show unto this Honorable Court as follows:

1. Plaintiff, Stephen Hawkins, is a male citizen of the United States and a resident of Florence County, South Carolina.

2. Plaintiff is informed and believes that College of Charleston is an educational institution of higher learning operating and existing in Charleston County, South Carolina; and is a public entity receiving Federal financial assistance from the U.S. Department of Education.

3. At all times described herein, Stephen Hawkins was regarded by Defendant as having a disability as defined by the ADA, Section 504, and FHAA.

4. Plaintiff suffers from cystic fibrosis and depression, and at all times described herein, was enrolled at College of Charleston as a student receiving room and board, beginning Fall 2009 semester.

5. Plaintiff was granted a leave of absence, effective October 2009, until the spring semester of 2010.

6. On January 31, 2010, Plaintiff was accused by agents of the University of contemplating suicide because of cut marks on his arm and chest; however Plaintiff denied any suicide attempt.

7. On February 1, 2010, Plaintiff's roommates met with the Resident Hall Director and expressed discomfort about sharing a room with Plaintiff.

8. On February 1, 2010, the Dean of Students requested Plaintiff undertake certain measures to allow the college to assess his mental condition.

9. On February 4, 2010, one of the parents of Plaintiff's roommates expressed fear to the Dean of Students for her son's safety.

10. Plaintiff's mental healthcare provider informed Defendant on February 8, 2010, that Plaintiff was not suicidal or homicidal, but suffered from depression, that was under control.

11. On February 9, Plaintiff returned to campus, and was again accused of having "fresh scratches" and "dirt or dust on his face" and had urinated on himself. Plaintiff informed Defendant that he was taking medication and was hazy.

12. On February 10, 2010, the Dean of Students informed Plaintiff that he was evicted from the Residence Hall; although Plaintiff appealed this decision, Defendant has never provided any alternative housing options to Plaintiff in order to continue enrollment at the College.

13. As of result of lost housing, Plaintiff could not continue enrollment at the College, lost his scholarship and was unable to complete his education at College of Charleston.

## COUNT I
## DISCRIMINATION IN A PUBLIC ACCOMODATION IN VIOLATION OF THE ADA 42 U.S.C.§ 12181 et. seq.

14. Plaintiff repeats the allegations of all of the above paragraphs as if fully set forth herein.

15. As described above, Defendant's actions and practices -- charging Plaintiff with violation of College Rules, evicting him from his dorm room, and otherwise imposing discriminatory conditions to continue admission as a student, violate Title II of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12181 et seq.

16. Defendants mistakenly believe that Plaintiff has a mental impairment that substantially limits one or more of his major life activities such that Plaintiff is deemed otherwise unqualified for attendance and or residence in its public accommodation.

17. Defendant's actions and practices described above constitute unlawful discrimination under 42 U.S.C. §12182(a) and (b), in that Defendant has

discriminated against Plaintiff on the basis of Plaintiff's perceived disability, with regard to the full and equal enjoyment of Defendant's goods, services, facilities, privileges, advantages or accommodations. Defendant's actions and practices described above also constitute unlawful discrimination under 42 U.S.C. § 12182(b)(1)(A) and § 12182(b)(2)(A).

18. Defendant has excluded Plaintiff from participation in and denied him the opportunity to participate in or benefit from their programs, services, and activities based upon fear, speculation and stereotype about this perceived disability in violation of 42. U.S.C. §12102(2)(c).

19. Defendant has failed to provide a reasonable accommodation under the ADA that would enable Plaintiff meaningful access to Defendant services, housing and activities. Defendant's decisions, to deny Plaintiff access to the above amount to a failure to accommodate Plaintiff's disability.

20. As a result of Defendant's violations of the ADA. Plaintiff was damaged by the loss of scholarship, housing, and educational opportunity as well as damage to reputation and emotional distress.

### COUNT II
### Violation of Section 504 of the Rehabilitation Act of 1973
### 29 U.S.C. §794 et. seq.

21. Plaintiff repeats the allegations of all of the above paragraphs as if fully set forth herein.

22. As described above, Defendant's actions and practices – charging Plaintiff with violation of College rules, evicting him from his dorm room and otherwise

imposing discriminatory conditions to continue admission as a student – violate Section 504 of the Rehabilitation Act of 1972 as amended, 29 U.S.C. §794 et. seq.("Section 504").

23. In particular, Defendant, is a covered entity for purposes of Section 504 of the Rehabilitation Act because it operates a program or activity receiving federal funds.

24. Defendant, in the above described actions, have discriminated against Plaintiff, and excluded him from participation in, and denied him of the benefits of, Defendant's housing, services and activities because of Plaintiff's perceived disability.

25. Additionally, Defendants have failed to provide a reasonable accommodation under Section 504 of the Rehabilitation Act that would enable Plaintiff meaningful access to Defendant's housing, services, and activities. Defendant's decisions to deny re admittance to the dorms amount to a failure to accommodate Plaintiff's disability.

26. As a result of Defendant's violations of the ADA. Plaintiff was damaged by the loss of scholarship, housing, and educational opportunity as well as damage to reputation and emotional distress.

## COUNT III
### Violation of the Fair Housing Amendments Act 42 U.S.C. §3604(f)

27. Plaintiff repeats the allegations of all of the above paragraphs as if fully set forth herein.

28. As described above, Defendant's actions and practices – charging plaintiff with violation of College rules, evicting him from his dorm room and otherwise imposing discriminatory conditions to continue admission as a student, violate the Fair Housing Amendments Act of 1988, 42. U.S.C. §3601 et. seq. In particular, Defendants have violated Plaintiff's rights under 42 U.S.C. §3604(f) by making unavailable or denying a room in the residence hall to Plaintiff because of his handicapped status; and by discriminating in the terms, conditions or privileges of occupancy of a dwelling and in the provisions services or facilities in connection with such dwelling because of Plaintiff's handicapped status.

29. Defendant's actions constitute intentional discriminatory treatment based on disability. Defendant's actions also have a disparate impact on all individuals with mental disabilities. Additionally, Defendant has failed to provide a reasonable accommodation under the Fair Housing Act that would enable Plaintiff meaningful access to Defendant's services or facilities.

30. Defendant, through the actions of their agents, have violated the Plaintiff's rights under 42 U.S.C. §3604(f)(3)(B) by denying Plaintiff's request for re-admittance to the dorm and a reasonable accommodation and as a result, have excluded him based upon fear, speculation and stereotype about his perceived disability.

31. As a result of Defendant's violations of the ADA. Plaintiff was damaged by the loss of scholarship, housing, and educational opportunity as well as damage to reputation and emotional distress.

## COUNT IV
### Intentional Infliction of Emotional Distress

32. Plaintiff repeats the allegations of all of the above paragraphs as if fully set forth herein.

33. As described above Defendant's conduct of charging Plaintiff with violation of College rules, evicting him from his dorm room and otherwise imposing discriminatory conditions to continue admission as a student, because Plaintiff appeared to have suffered a relapse, was intentional and reckless.

34. Defendant's actions of barring Plaintiff from all dorm rooms, without contemplating any reasonable accommodation, was extreme and outrageous conduct.

35. Defendant's behavior caused severe emotional distress to Plaintiff.

36. As a direct and proximate result of Defendant's behavior, Plaintiff did suffer severe emotional distress.

**WHEREFORE**, Plaintiff respectfully prays that this Court enter judgment on his behalf on all counts contained herein, and grant him the following relief:

(a) Declaratory judgment that Defendant's conduct violated Plaintiff's rights. In particular, that the Court declare the actions of Defendant's complained of herein to be in violations of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12181 et. seq.; Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794 et. seq.; the Fair Housing Amendments Act, 42 U.S.C. §3604(f); and that Defendant's intentionally or recklessly inflicted emotional distress upon Plaintiff.

(b) Injunctive relief permanently enjoining Defendant, their agents, employees, and successors from discriminating on the basis of disability against Plaintiff or any persons in violation of the aforementioned acts;

(c) Appropriate compensatory and punitive damages be awarded Plaintiff and against Defendant in an amount to be determined by the jury;

(d) Correction on all records to restore Plaintiff's entitlement to full room and board at College of Charleston and expungement of all negative and untrue information from Defendant's records;

(e) Such relief as the court shall deem just and proper.

WUKELA LAW FIRM

By:_____s/ Pheobe A. Clark_____
**Pheobe A. Clark**
Federal ID No. 9888
Post Office Box 13057
Florence, SC  29504-3057
Phone: (843) 669-5634

February 10, 2012