IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| STEPHEN M. HAWKINS, ) | |
| ) | No. 2:12-cv-384-DCN |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| COLLEGE OF CHARLESTON, ) | |
| ) | |
| Defendant. ) | |
| ) | |

  This matter is before the court on Magistrate Judge Bruce Hendricks's Report and Recommendation ("R&R") that this court deny defendant College of Charleston's motion to dismiss for spoliation of evidence.  College of Charleston filed written objections to the R&R.  For the reasons set forth below, the court accepts the R&R and denies the motion to dismiss.

## I.  BACKGROUND

  Plaintiff Stephen Hawkins is a male living with cystic fibrosis and depression. Compl. ¶ 4.  From fall 2009 until his eviction from campus housing, Hawkins was enrolled in the College of Charleston ("the College") as a student receiving room and board.  Id.  While enrolled as a student, the College, through its agents, discovered that Hawkins may have been cutting himself.  Id. ¶ 6.  Margaret Travis, the resident hall director, prepared three incident reports regarding Hawkins and his behavior, which raised questions about his fitness to live in resident housing.  Pl.'s Resp. in Opp'n to Def.'s Mot. to Dismiss 2-3.

  On February 10, 2010, after receiving complaints from other students about being uncomfortable living with Hawkins and after Hawkins had been transported to the

1

hospital by EMS on January 31, 2010 and February 9, 2010, the College evicted Hawkins from campus housing.  Pl.'s Resp. 4.  The vice president of student affairs upheld the decision on February 12, 2010.  Pl.'s Resp. Ex. G.

As a result, Hawkins lost his scholarships and withdrew from the College. Compl. ¶ 13.  Hawkins filed suit against the College on February 2, 2012, alleging discrimination in violation of the Americans with Disabilities Act of 1990 and the Rehabilitation Act of 1973.[1]  On March 1, 2013, the College moved the court to dismiss Hawkins's claims because of spoliation of evidence.  Hawkins responded on March 18, 2013, and the College replied on March 28, 2013.  The magistrate judge filed an R&R on September 17, 2013, recommending that the College's motion to dismiss be denied.  The College filed objections on October 2, 2013.  Hawkins replied to the College's objections on October 21, 2013.  The matter is now ripe for the court's review.

## II.  STANDARD OF REVIEW

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made.  28 U.S.C. § 636(b)(1).  A party's failure to object is accepted as agreement with the conclusions of the magistrate judge.  See Thomas v. Arn, 474 U.S. 140, 149-50 (1985).  In absence of a timely filed objection to a magistrate judge's R&R, this court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's

---

[1] Hawkins also brought claims for a violation of the Fair Housing Amendments Act of 1988 and for intentional infliction of emotional distress.  Hawkins stipulated to the dismissal of both claims, and the court subsequently dismissed them.  ECF No. 13.

note).  The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination rests with this court.  Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  This court may accept, reject, or modify the report of the magistrate judge, in whole or in part, or may recommit the matter to her with instructions for further consideration.  28 U.S.C. § 636(b)(1).

### III.   DISCUSSION

The College objects to the R&R on four grounds:  (1) the magistrate judge erred in concluding that Hawkins's duty to preserve did not arise in February 2010; (2) the magistrate judge erred in failing to recognize that Hawkins's intentional destruction of evidence was performed in bad faith; (3) the magistrate judge erred in concluding that Hawkins's intentional evidence destruction did not deprive the College of the opportunity to adequately defend itself against Hawkins's claims; and (4) the magistrate judge erred in concluding that lesser sanctions, other than dismissal, are sufficient to address and remedy Hawkins's intentional destruction of evidence.  Def.'s Objections 1-2.

Spoliation is the "destruction or material alteration of evidence or . . . the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation."  Silvestri v. General Motors Corp., 271 F.3d 583, 590 (4th Cir. 2001) (citing West v. Goodyear Tire & Rubber Co., 167 F.3d 766, 779 (2d Cir. 1999)).  This court's ability to impose sanctions for spoliation stems from its "inherent power to control the judicial process and litigation."  Id.  The power is "limited to that necessary to redress conduct 'which abuses the judicial process.'"  Id. (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 (1991)).  Accordingly, "the applicable sanction should be molded to serve the prophylactic, punitive, and remedial rationales underlying the spoliation

doctrine." Id. (internal quotations omitted). The court has "broad discretion in choosing an appropriate sanction" and the court's decision is reviewed on appeal for abuse of discretion. Id.

A party bringing a motion for sanction based on spoliation bears the burden of establishing three independent elements before the court may determine which sanction, if any, is appropriate. These elements are:

> (1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed with a culpable state of mind; and (3) that the destroyed evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense.

Cytec Carbon Fibers, LLC v. Hopkins, No. 2:11-cv-0217, 2012 WL 6044778, at *2 (D.S.C. Oct. 22, 2012) (citing Residential Funding Corp. v. DeGeorge Fin. Corp., 306 F.3d 99, 107-108 (2d Cir. 2002)). "If spoliation has occurred, then a court may impose a variety of sanctions, ranging from dismissal or judgment by default, preclusion of evidence, imposition of an adverse inference, or assessment of attorney's fees and costs." Goodman v. Praxair Servs., Inc., 632 F. Supp. 2d 494, 506 (D. Md. 2009). Dismissal is "severe and constitutes the ultimate sanction for spoliation." Silvestri, 271 F.3d at 593.

There are three alleged incidents of spoliation, all involving Hawkins's Facebook account. Hawkins was an avid Facebook user during the time he was a student at the College and remains so today. Pl.'s Dep. 275:12-18. He discussed his depression, his anxiety, and his alleged disability on Facebook during the time he attended the College. Pl.'s Dep. 338:10-17.

The first incident of spoliation occurred over "several days" between "March to late June" 2010. Def.'s Mot. 2-3; Pl.'s Dep. 324:15-325:22. During this time, Hawkins admitted to intentionally deleting all content, including conversations, for the time that he

4

attended the College.  Pl.'s Dep. 322:4-11, 323:21-324:14.  Second, the College alleges that Hawkins deleted private messages from early 2012 through October 29, 2012 at some point before the College received access to his Facebook account in October 2012.  Def.'s Mot. 5.  Finally, the College alleges that sometime before February 2013, Hawkins deleted Facebook content from early 2012 through February 2013.  Def.'s Mot. 4-5; Pl.'s Dep. 312:2-7.  The magistrate judge found the destroyed evidence to be relevant, a conclusion that neither party has objected to.

It is against this background that the court considers the College's objections.

### A.     Duty to Preserve Evidence

The College argues that the magistrate judge erred in concluding that Hawkins's duty to preserve did not arise in February 2010 because litigation was not foreseeable.  Def.'s Objections 2-3.

A party has a duty to preserve evidence during litigation and at any time "before the litigation when a party reasonably should know that evidence may be relevant to anticipated litigation."  Silvestri, 271 F.3d at 591.  "When litigation is 'reasonably foreseeable' is a flexible fact-specific standard that allows a district court to exercise the discretion necessary to confront the myriad factual situations inherent in the spoliation inquiry."  Micron Tech., Inc. v. Rambus Inc., 645 F.3d 1311, 1320 (Fed. Cir. 2011).

The parties argue at length about whether litigation was foreseeable when Hawkins began deleting Facebook content between March and June 2010.  For the purposes of this motion, the court will assume, without deciding, that Hawkins had a duty to preserve evidence beginning in February 2010 when he contacted the ACLU regarding "a possible discrimination case."  See Def.'s Mot. Ex. A.

### B. Grounds for Dismissal

The College next argues that the magistrate judge erred in failing to recognize the existence of two grounds for dismissal: that Hawkins's intentional destruction of evidence was (1) done in bad faith and (2) deprived the College of the opportunity to adequately defend itself against Hawkins's claims. Def.'s Objections 5, 10.

"[T]o justify the harsh sanction of dismissal, the district court must consider both the spoliator's conduct and the prejudice caused and be able to conclude either (1) that the spoliator's conduct was so egregious as to amount to forfeiture of his claim, or (2) that the effect of the spoliator's conduct was so prejudicial that it substantially denied the defendant the ability to defend the claim." Silvestri, 271 F.3d at 593. Dismissal should be imposed only if "a lesser sanction will [not] perform the necessary function." King v. Am. Power Conversion Corp., 181 Fed. App'x 373, 376 (4th Cir. 2006) (unpublished) (citing Silvestri, 271 F.3d at 590).

Courts in the Fourth Circuit classify a party's culpability for document destruction in one of four categories according to a fact-specific inquiry. These categories are negligence, gross negligence, willfulness, and bad faith. Victor v. Stanley, Inc. v. Creative Pipe, Inc., 269 F.R.D. 497, 529-30 (D. Md. 2010). Willful destruction of documents is "intentional, purposeful, or deliberate conduct." Id. at 530. "Bad faith spoliation is even more egregious than willful destruction of evidence." Grayson Consulting, Inc. v. Cathcart, No. 2:07-cv-02992, 2013 WL 3946203, at *8 n.1 (D.S.C. July 31, 2013). For bad faith destruction of evidence, "the party must have willfully destroyed the evidence with the intention of depriving its opponent of the evidence." Id.

6

"Prejudice can range along a continuum from an inability to prove claims or defenses to little or no impact on the presentation of proof." Rimkus Consulting Group, Inc. v. Cammarata, 688 F. Supp. 2d 598, 613 (S.D. Tex. 2010).  Irreparable prejudice has been found when the destroyed evidence was "central to the claim" and left "no adequate means to defend against the claims at issue." King, 181 Fed. App'x at 378.  To conclude that there was sufficient prejudice to warrant dismissal, "the Court must examine the record that remains to determine whether it contains enough data" for the aggrieved case to build its defense. Erie Ins. Exch. v. Davenport Insulation, Inc., 659 F. Supp. 2d 701, 707 (D. Md. 2009).

It is undisputed that Hawkins willfully deleted his Facebook activity.  However, dismissal requires more.  The court will analyze each of the three spoliation incidents for indications of bad faith and prejudice.

        **1.**      **First Spoliation Incident**

The first incident involved evidence destruction between late March and June of 2010.  Over this period, Hawkins deleted online content from his time as a student at the College.  The College argues that Hawkins acted in bad faith in deleting this online activity.  According to Hawkins, he deleted online activity from his time in college because he "wanted to forget what happened" and "couldn't deal with everything." Pl.'s Dep. 320:4-25.

Hawkins's time in college, as laid out above, was traumatic.  He was a teenager at this point in time.  There can be little doubt that Hawkins thought he had a valid reason to delete his Facebook activity – to rid his online profile of a painful time in his life – and that his motive was not to deprive the College of evidence.  Additionally, although

7

Hawkins could arguably foresee litigation at that time he made these deletions, he could not foresee that Facebook content would play a part in the litigation.  Pl.'s Resp. 7.  Facebook had not formed a basis for, or evidence in support of, his removal from campus housing.[2]  Therefore, for the first incident of spoliation, there is not sufficient evidence that Hawkins "destroyed the evidence with the intention of depriving [the College] of the evidence."  Grayson, 2013 WL 3946203, at *8 n.1.

The College also argues that dismissal is proper because Hawkins's first incident of spoliation denied it the opportunity to adequately defend the case.  The College asserts that the deleted Facebook activity was "central to the College's defense of the action and substantially impair[s] its defense that Hawkins was unable to function as a resident in the College's dormitories, and that he was a danger to himself and others."  Def.'s Objections 10.  According to the College, "the best evidence of Hawkins's alleged disability, his actions at the College, the risks he posed to himself, the risks he posed to other students, and his firsthand accounts of his seven months living in the College's housing are now gone forever."  Def.'s Objections 11.

The court is not persuaded by the College's argument that its defense depends on evidence acquired after Hawkins was removed from campus housing.  Hawkins was not removed from campus housing because of any of his online activity.  Again, while the first incident report mentions Facebook briefly, there is no reference to Facebook in any other incident report or the letter evicting Hawkins from campus housing.  See supra note 2.  If Facebook activity was necessary to prove evidence of disability and risk to others,

---

[2] The first incident report does mention Facebook briefly.  Pl.'s Resp. Ex. A (stating that another resident of the dormitory was concerned with comments and posts and Hawkins's Facebook page).  However, there is no reference to Facebook in any other incident report or the letter evicting Hawkins from campus housing.  See Pl.'s Resp. Exs. B, C, and G.

8

the College would have reviewed Hawkins's online profile prior to removing him from campus housing.  The fact that it apparently did not suggests that such information was not central to its case.  The College can still defend this case with the evidence it used to decide to remove Hawkins from campus housing, including information contained in the incident reports and testimony from Hawkins's fellow residents.  The record "contain[s] enough data" for the College to build its defense.  Victor Stanley, 269 F.R.D. at 534.  Therefore, content of Hawkins's Facebook page is not so central to the case that its destruction "substantially denied the defendant the ability to defend the claim." Silvestri, 271 F.3d at 593 (emphasis added).

Because it was not undertaken in bad faith and did not result in substantial prejudice, Hawkins's first incident of spoliation does not justify dismissal.

### 2. Second and Third Spoliation Incidents

The remaining incidents of spoliation, which occurred in late 2012 and early 2013 and concern deletion of online activity from early 2012 through February 2013, are more troublesome.  The court will assume, without deciding, that this evidence was destroyed in bad faith since it was destroyed in the midst of litigation and Hawkins had notice that the College was interested in his Facebook activity.

However, even if Hawkins destroyed this evidence in bad faith, the prejudicial effect on the College is so low that dismissal is not a proper remedy.  This court has held dismissal to be an inappropriate sanction even where a spoliator has acted in bad faith. See Nucor Corp. v. Bell, 251 F.R.D. 191, 201 (D.S.C. 2008).  This is true especially when the prejudicial effect of spoliation is low.  Id. (holding that defendant's spoliation "did not make it impossible for plaintiff to prosecute its claims" and therefore default

9

judgment was not an appropriate sanction). If the aggrieved party still has "considerable evidence available to support its [claim]," the court should avoid the "extreme sanction" of dismissal. Id.

The online content deleted in the second and third spoliation incidents was created beginning almost two years after the incident at issue in this case. The deleted Facebook activity is not central to the circumstances surrounding Hawkins's removal from campus housing two years earlier. Regardless, even without this evidence the College still has "considerable evidence" available to support its defense – as discussed above, it has all of the evidence supporting its decision to remove Hawkins from campus housing in the first place. Deletion of online content created almost two years after that removal has not made it impossible for the College to show that "that Hawkins was unable to function as a resident in the College's dormitories, and that he was a danger to himself and others." See Def.'s Objections 10.

Because any resulting prejudice to the College is extremely low, Hawkins's second and third incidents of spoliation do not justify the harsh sanction of dismissal.

### D.     Adequacy of Lesser Sanctions

The College argues that the magistrate judge erred in concluding that lesser sanctions, other than dismissal, are sufficient to address and remedy Hawkins's intentional destruction of evidence. Def.'s Objections 12.

Dismissal should be avoided if a lesser sanctions will perform the necessary prophylactic, punitive, and remedial functions underlying the spoliation doctrine. Silvestri, 271 F.3d at 590. A proper sanction serves the purposes of "leveling the evidentiary playing field" and "sanctioning the improper conduct." Vodusek v. Bayliner

Marine Corp., 71 F.3d 148, 156 (4th Cir. 1995). One such lesser sanction available would be an adverse inference instruction, which "informs a jury that it may 'draw adverse inferences from . . . the destruction of evidence' by assuming that failure to preserve was because the spoliator was aware that the evidence would have been detrimental." Victor Stanley, 269 F.R.D. at 535 (citing Vodusek, 71 F.3d at 156).

Many courts have noted that an adverse inference instruction is a heavy sanction. One court discussed the effect of an adverse inference charge:

> In practice, an adverse inference instruction often ends litigation – it is too difficult a hurdle for the spoliator to overcome. The in terrorem effect of an adverse inference charge is obvious. When a jury is instructed that it may infer that the party who destroyed potentially relevant evidence did so out of a realization that [the evidence] was unfavorable, the party suffering the instruction will be hard-pressed to prevail on the merits. Accordingly, the adverse inference instruction is an extreme sanction and should not be given lightly.

Zubulake v. UBS Warburg LLC ("Zubulake IV"), 220 F.R.D. 212, 219-20 (S.D.N.Y. 2003) (internal quotations omitted). This court has found an adverse inference instruction appropriate where the spoliator acted in bad faith. See Nucor, 251 F.R.D. at 202. However, in the Fourth Circuit a court "must only find that the spoliator acted willfully in the destruction of evidence." Goodman, 632 F. Supp. 2d at 519 (citing Vodusek, 71 F.3d at 156 ("While a finding of bad faith suffices to permit such an [adverse] inference, it is not always necessary.")).

The court need not, on this motion to dismiss, determine whether an adverse inference instruction is appropriate in this case. The court is, however, satisfied that a lesser sanction would perform the necessary functions of spoliation doctrine – deterring future spoliators, punishing Hawkins's improper conduct, and leveling the evidentiary playing field.

Because a lesser sanction is adequate, dismissal of this case is inappropriate.

## IV.   CONCLUSION

Based on the foregoing, the court **ACCEPTS** the magistrate judge's R&R and **DENIES** defendant's motion to dismiss.

**AND IT IS SO ORDERED**.

                                            **DAVID C. NORTON**
                                            **UNITED STATES DISTRICT JUDGE**

**November 15, 2013**
**Charleston, South Carolina**